**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4030

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY SHIFFLETT,

Defendant - Appellant.

No. 22-4040

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY LEE SHIFFLETT,

Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:21-cr-00037-GMG-RWT-1; 3:99-cr-00042-GMG-RWT-3)

Submitted:  August 19, 2022                    Decided:  August 26, 2022

Before AGEE and DIAZ, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Robert C. Stone, Jr., ROBERT C. STONE, JR., PLLC, Martinsburg, West Virginia, for Appellant. William Ihlenfeld, United States Attorney, Eleanor F. Hurney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Shifflett pled guilty pursuant to a plea agreement to one count of aiding and abetting the unlawful use of a communication facility. He was sentenced to 10 months in prison. The same day, the court revoked Shifflett's supervised release and sentenced him to a consecutive term of 24 months' imprisonment. On appeal, Shifflett contends that his revocation sentence is unreasonable because he already served 41 months for a prior violation of supervised release. He also claims that the district court abused its discretion when it declined his request to run his 10-month sentence partially concurrently with his new revocation sentence.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable. *Id.* In making this determination, we are guided by "the same procedural and substantive considerations that guide [its] review of original sentences," but we take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

A supervised release revocation sentence is procedurally reasonable if the district court "adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C.

3

§ 3553(a) factors." *Slappy*, 872 F.3d at 207 (internal footnotes omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). The court "must consider the [non-binding] policy statements contained in Chapter 7 [of the Guidelines], including the policy statement range, as 'helpful assistance.'" *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (quoting *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)); *see United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010); 18 U.S.C. § 3553(a)(4)(B).

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up). Only if this court finds a revocation sentence unreasonable does it consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, [this Court] will affirm it." *Id.* (internal quotation marks omitted).

Upon review, we conclude that Shifflett's 24-month revocation sentence, which is both within the policy statement range and the statutory maximum, is reasonable. The record discloses that the court considered the parties' arguments and the relevant 18 U.S.C. § 3553(a) factors, while emphasizing Shifflett's breach of trust and the need for consequences for the violation. Next, we find that the district court did not abuse its discretion by declining to order that the sentences run concurrently. *See Setser v. United States*, 566 U.S. 231, 236 (2012). The court acknowledged its authority to order concurrent sentences but determined that the Guidelines' nonbinding guidance to run them consecutively was appropriate under the facts presented.

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*